MATTER OF T—E—C

In VISA PETITION Proceedings

A–13196848

*Decided by Regional Commissioner January 15, 1964*

Petition to accord nonquota status to beneficiary-child, as defined in section 101(b) (1) (F), Immigration and Nationality Act, as amended, is denied since, pursuant to section 205(b) of the Act, the preadoption requirements of the State of New York have not been complied with and the petitioner and spouse, who have 6 children of their own, have not established ability to properly care for the beneficiary in view of their spasmodic work records, the difficulties which they have experienced in maintaining rent payments and the presence of their names on the welfare records.

This matter is before the Regional Commissioner on appeal from the decision of the District Director at New York who has denied this petition in the belief that the petitioners have not satisfactorily established that they will be able to properly care for the orphan beneficiary.

The petitioner is a native-born United States citizen, born at Brooklyn, New York, on March 16, 1933. Her husband is a British subject born at St. Peter's, Barbados, British West Indies, on April 18, 1928. Their marriage took place on December 19, 1953. Six children, nine, eight, seven, four, three and four months, have been born to the petitioner and spouse and reside with them in their apartment in Brooklyn. The beneficiary is one of the eight children of E—C—, four of whom, including the beneficiary, were born to her out of wedlock as a result of relations with the petitioner's spouse. The beneficiary's mother has consented to this adoption and has indicated in her affidavit that the petitioner intends to petition, in the near future, for the two other children who are still under fourteen years of age. She has also stated that the petitioner's spouse has been continuously sending her between $30 and $40 a month for the support of the children. It is her feeling that the beneficiary's best interests will be served by this adoption and that the child can get a better education in the United States.

691

The petitioner's spouse was employed by the Friendly Frost Stores as a truck driver or helper and in March 1963 was being paid $2.41½ to $2.58½ an hour, depending upon whether he worked as a driver or helper. Work at that time was scarce and for the previous ten weeks his earnings had totaled $289.27. He had previously worked for F. G. Walker Shipping Company, 360 Sumner Avenue, Brooklyn, where he had earned $367 between August 3, and September 30, 1960. The petitioner has been employed at the Brooklyn Hospital since November 25, 1961, receives an hourly rate of $1.80, is classified as a practical nurse, and usually works from twenty to thirty hours per week. She was employed as a practical nurse by the Kings County Hospital between October 16, 1956, and July 8, 1958, and was previously employed in an unidentified capacity at the Cumberland Hospital between June 1, 1953, and November 3, 1955. The withholding tax statement for the petitioner's spouse for 1962 reflects earnings of $5893.61 and for the petitioner, earnings are shown $1916.36. Seven dependents are reflected in the male petitioner's W-2 report.

The New York City Welfare Department records show that the petitioner and spouse were on welfare from February 11, 1960, to August 15, 1960, and again from March 13, 1961, to June 22, 1961. The New York City Housing Authority records reflect that the petitioner and spouse have been delinquent in rent payments thirteen times between October 1960 and March 1961. Counsel has submitted photostatic copies of a rent receipt booklet which reflect balances due on the petitioner's account. Among these is a balance of $267 in June of this year. This was reduced to $17 as of November 1963. Counsel has also submitted a letter from a real estate office indicating that its author, Stanley Siebert, has examined the petitioner's rent payment record and has stated that it is definitely far above the average. He bases this conclusion upon local conditions and the fact that the petitioner and spouse have always paid within the month. Further evidence of the petitioner's financial resources is found in a letter from the First National City Bank of New York reciting the maintenance of an account since August 4, 1961, with a balance on February 21, 1963, of $607.69.

Section 115-a, Domestic Relations Law of the State of New York, as amended April 14, 1962, Chapter 527, Laws of New York, requires that a preadoption certificate be issued by an appropriate adoption court, unless the child is recommended for placement with the petitioner for adoption by an adoption agency approved by that State. In the case under consideration, there is neither a preadoption certificate from a court nor a placement recommendation from an approved agency.

Inasmuch as this preadoption requirement of New York State, the state of the beneficiary's proposed residence, has not been complied with, as required by section 205 (b) of the Immigration and Nationality Act, as amended, it is concluded that favorable consideration on this petition is precluded. In addition, it is also apparent, from the presence of the names of the petitioner and spouse on the welfare records, the difficulties which they have experienced in maintaining rent payments, and their spasmodic work records, that they are already committed to obligations for the support of their six children which have become burdensome. The ability of the petitioner and spouse to care for the beneficiary properly, as required by section 205 (b), has also not been established satisfactorily. For the reasons stated above, this petition cannot be approved.

*It is ordered* that the decision of the District Director denying this petition be and the same is hereby affirmed.